| LANDRIEU, Judge.
The City of New Orleans appeals a judgment of the Office of Workers’ Compensation (OWC) which found that claimant, Raymond Lightell, currently had a temporary total disability due to a work-related accident on April 1992. In the judgment, the hearing officer also awarded the claimant $2,500.00 in attorney fees, finding that the City was arbitrary and capricious in failing to promptly notify the OWC and the claimant that it modified the status of claimant’s disability benefits fi-om temporary total disability (TTD) benefits to supplemental earnings benefits (SEB). For the following reasons, we reverse.
Lightell, a twenty-seven year veteran of the New Orleans police force, suffered a disabling back injury in April 1992 which eventually required him to undergo two surgeries. Before the second surgery, the OWC held a hearing which focused on the proper medical treatment for Lightell’s back problem. The City appealed two portions of the hearing officer’s judgment which was in Lightell’s favor. In October 1995, this Court remanded the case to the OWC, stating:
*734 |2The hearing officer’s judgment on the two issues addressed by this appea[1] is vacated, but the issues are preserved to the parties for retrial. The case is remanded to the hearing officer for further proceedings consistent with this opinion, (footnote omitted)
Before the retrial, the hearing officer, in ruling on exceptions filed by the City, included the following list of the issues to be addressed at the retrial:
1. whether a compensable injury occurred; [2]
2. whether the manner or timeliness of the payment of the blood pressure treatment constitutes arbitrary and capricious conduct for the purposes of awarding attorney fees; and,
3. whether the unilateral change of claimant’s status from TTD to SEB was justified and if not whether the change was done in an arbitrary and capricious manner thus requiring an award of attorney fees.
After a hearing on March 22, 1996, the hearing officer rendered a judgment which the City now appeals.
The City asserts that the hearing officer erred in finding Lightell temporarily totally disabled at the time of the hearing and in awarding $2,500.00 in attorney fees. The City also requests this Court to award it the costs of both appeals.
The City first argues that the issue of temporary total benefits and the classification of any indemnity benefits were not properly before the hearing officer on remand from this Court. The City claims that this Court’s opinion limited the hearing officer to consideration of only two issues. We disagree. Under the worker’s compensation statute, the issue of TTD benefits could arise more than once. See La.Rev.Stat. 23:1221(l)(d).
IgThe hearing officer, however, limited the scope of the retrial by outlining the issues which would be addressed. Therefore, while the issue of Lightell’s disability at the time the City purportedly switched his benefits from TTD to SEB was properly before the hearing officer, the issue of Lightell’s disability at the time of retrial was not. The record contains no medical evidence about Lightell’s condition at or near the time of retrial[3] because neither party contested the benefits Lightell was receiving, nor had the hearing officer notified the parties that Ligh-tell’s medical condition at the time of retrial was at issue. Once the hearing officer limited the issues on retrial, the issue of whether Lightell was temporarily totally disabled at the time of retrial, particularly in the absence of any current medical evidence, was not before him.
The City’s second argument is that Lightell did not meet the threshold burden of proving an entitlement to TTD benefits. We agree.
La.Rev.Stat. 23:1221(1) provides in part:
(c) ... [Wjhenever the employee is not engaged in any employment or self-employment ..., compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location *735 or availability of any such employment or self-employment.
(d) An award of benefits based on temporary total disability shall cease when the physical condition of the employee has resolved itself to the point that a reasonably reliable determination of the extent of disability of the employee may be made, and the employee’s physical condition has improved to the point that continued, regular treatment by a physician is not required, or six months after the injury, whichever first occurs. If the claimant contends that his disability is of a temporary nature, but extends beyond this six-month period, he Umust submit a claim for extension of the period of temporary total disability under R.S. 28:1310.3.
In this case, Lightell did not file a claim for extension of the period of temporary total disability as required by La.Rev.Stat. 23:1310.3. The only possible basis for the hearing officer’s finding that Lightell continued to be temporarily totally disabled at the time of retrial was Lightell’s own testimony. This testimony falls short of establishing by clear and convincing evidence that Lightell remained temporarily totally disabled four years after the accident.
At his .retrial Lightell described the surgery he underwent after the first hearing and stated that he continues to have “nerve problems” in his legs and feet. He still sees his surgeon and a psychiatrist. He falls once or twice a week, he cannot sit or stand for long periods of time, but he can and does drive. Lightell has had no discussion with any doctor about the possibility of working in any capacity. He has not attempted to obtain any employment since his accident and says that he is retired from the police department. Lightell has a high school education and attended some college. He was in the military before becoming a police officer.
La.Rev.Stat. 23:1221 clearly places the burden on the claimant to prove entitlement to TTD benefits, particularly six months post-accident. See Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277 (La.1993). The hearing officer erred in classifying Lightell as temporarily totally disabled at the time of retrial based on the evidence presented. Because the record is void of any medical evidence concerning Lightell’s current disability status, the record is insufficient for this Court to determine whether Lightell is entitled to any type of benefits.
Lightell is currently receiving SEB in the amount of $295.00 per week, the same amount he would receive in TTD benefits should he prove his entitlement to those benefits. Because there are limitations peculiar to SEB, Lightell has the right |gto prove his entitlement to TTD benefits. Hence, we remand to afford Lightell the opportunity to submit and prove a claim for extension of TTD benefits. In the meantime, Lightell is to continue to receive SEB which the City has been paying to him until the City proves his lack of entitlement to those benefits.
In its third argument, the City claims the hearing officer erred in awarding attorney fees to Lightell. The record reflects that the City began paying to Lightell the maximum TTD benefits of $295.00 per week after his accident. Linda Blount, an adjuster for the City, testified at the retrial about a form[4], dated March 7, 1995, which stated that LighteU’s TTD benefits were ceased on October 31, 1992 and that on November 1, 1992, SEB benefits were instituted at a rate of $295.00 per week. Ms. Blount also testified that the November 1992 date reflected her company’s understanding that the provisions of La.Rev.Stat. 23:1221 limited TTD benefits to six months. The OWC and Ligh-tell apparently received this form in March 1995.
The hearing officer determined that Ligh-tell was entitled to $2,500.00 in attorneys’ fees because the City had not promptly notified Lightell and the OWC of the change in status of benefits as required by La.Rev.Stat. 23:1201(G), now La.Rev.Stat. 23:1201(H).
La.Rev.Stat. 23:1201(H) provides in part:
Upon making the first payment of compensation and upon modification or suspension of payment for any cause, the employer or insurer shall immediately send a notice to the office, in the manner pre *736 scribed by the rules of the director, that payment of compensation has begun or has been suspended, as the case may be....
This provision cannot serve as the basis for an award of attorney fees in this case. First, the hearing officer specifically found that the City had not acted arbitrarily and capriciously in changing the status of Lightell’s'bene-fits, | (¡particularly because the change did not affect the rate of weekly benefits. Second, La.Rev.Stat. 23:1221 authorizes the cessation of TTD benefits at six months and envisions the claimant seeking further review for an extension of TTD benefits. Third, La.Rev. Stat. 23:1201(H) contains no penalty provision and, in our view, does not pertain to the instant situation in which the amount of Lightell’s payments were not altered. While it is true that SEB benefits do not extend indefinitely, neither do TTD benefits.
We therefore reverse that portion of the judgment which awards $2,500.00 in attorney fees to Lightell.
Lightell answered the City’s appeal, requesting an award of additional attorney fees for work done in response to the City’s appeal. We deny his request.
In his brief, Lightell argues that La. Rev.Stat. 23:1221 is unconstitutional if it is interpreted to authorize a unilateral change by the employer of the status of a claimant’s benefits. Because Lightell did not raise this issue in the trial court, the issue is not properly before us on appeal.
Accordingly, the judgment of the Office of Workers’ Compensation is reversed, and the case is remanded for further proceedings consistent with this opinion. All costs of this appeal are assessed to Lightell. The City’s request for costs associated with the previous appeal is denied.

REVERSED AND REMANDED.

. The issues on appeal were whether the hearing officer erred in finding that Lightell's back problems were caused by an accident which occurred in the course and scope of his employment as a police officer and in awarding attorney fees based on his finding that the City arbitrarily and capriciously failed to pay for certain medical treatment.

. At the time of retrial, the City had stipulated that the claimant suffered a compensable injury in the line of duty as a police officer when, while patrolling on a motorcycle, he was struck from behind by a drunk driver.

.Although exhibits from the first hearing were resubmitted at the retrial, these exhibits were not included in the record on appeal. Nevertheless, any medical evidence included in these exhibits would only document Lightell’s condition as it was two years before the retrial.

. The document, identified as P-13, is not included in the record on appeal.